### DANIEL KITCHEN *vs.* LEON ROSENFELD.

#### JUNE 29, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Malicious Prosecution.  Advice of Attorney.*

It is a defence to an action for malicious prosecution, if the prosecutor acts upon the advice of a competent disinterested and regularly admitted practicing attorney in good standing that probable cause for commencing prosecution exists, provided the prosecutor honestly believes the accused is guilty and makes a full, fair, frank and free disclosure of all the circumstances to the counsel who advises him.

*(2)  Malicious Prosecution.  Advice of Counsel.  Question of Fact.*

Whether a prosecutor acted upon advice of counsel and whether he made a complete disclosure of all the facts and circumstances are questions of fact for the jury. The mere statement of a prosecutor that he made a full disclosure is not conclusive; what he stated should be proved.

*(3)  Malicious Prosecution.  Malice.*

In an action of malicious prosecution, malice may be inferred from lack of probable cause.

TRESPASS ON THE CASE for malicious prosecution. Heard on exceptions of defendant and overruled.

RATHBUN, J. This is an action of trespass on the case for malicious prosecution. The trial in the Superior Court resulted in a verdict for the plaintiff for seven hundred

dollars. The case is before us on the defendant's exceptions as follows: to the refusal of the trial justice to direct a verdict for the defendant and to the ruling of said justice denying the defendant's motion for a new trial.

The plaintiff occupied a basement apartment in an apartment house owned by the defendant. For a short period the plaintiff was employed as a janitor by the defendant at said apartment house. The defendant discharged the plaintiff and a short time thereafter accused the plaintiff of wasting hot water in his apartment. The defendant complained to the police that the plaintiff had, during an argument which followed the accusation, threatened to kill the defendant. The police department investigated this complaint and also a further complaint of the defendant that the plaintiff had intentionally damaged the plumbing connected with a toilet in said house. The police refused to prosecute and thereafter the defendant employed an attorney to draft two criminal complaints against the plaintiff. The defendant furnished surety for costs and warrants were issued upon which the plaintiff was arrested and detained in a cell until the following day when he obtained bail. One of the complaints charged that Kitchen threatened to kill the defendant; the other charged that Kitchen wantonly and maliciously injured and defaced a building. On trial of these complaints Kitchen was found not guilty and was discharged in each case. Thereafter Kitchen commenced this suit for malicious prosecution.

(1) It is clear that the defendant instituted and prosecuted said criminal complaints and that on trial Kitchen was adjudged not guilty and was discharged. Has the plaintiff sustained the burden which the law casts upon him of proving that the prosecution of at least one of said complaints was commenced maliciously and without probable cause? The defendant was informed that just before the toilet in question was discovered to be in a damaged condition, the plaintiff had been seen coming out of another bathroom located on the same floor as the toilet which was

damaged. The defendant obtained no further evidence tending to show that the plaintiff damaged the plumbing connected with said toilet. In defence the defendant relied upon the fact that he was advised by a practicing attorney that there was probable cause for commencing the prosecution of each complaint. The defendant testified that he stated all of the facts to his counsel and that said counsel advised him that there was probable cause for prosecuting each of said complaints. The law of this State is in accord with the great weight of authority, which is that the prosecutor will be protected if he acts upon the advice of a competent, disinterested and regularly admitted practicing attorney and counsellor of law in good standing that probable cause for commencing prosecution exists, provided the prosecutor honestly believes the accused is guilty and makes a full, fair, frank and free disclosure of all the circumstances to the counsel who advises him. See *Lee* v. *Jones*, 44 R. I. 151, 116 Atl. 201; *Fox* v. *Smith*, 25 R. I. 255; 26 Cyc. 30 and 31; note to *Ross* v. *Hickson*, 26 Am. St. Rep. 123, 141.

(2)     Whether the prosecutor acted upon advice of counsel and whether he made a complete disclosure of all the facts and circumstances are questions of fact for the jury. *Fox* v. *Smith, supra.* The mere statement of a prosecutor, in giving evidence in his defence, that he made a full and fair disclosure of all the facts to his counsel, is not conclusive. What he stated should be proved and the jurors should decide whether the statement made was a full and fair one or not. *McLeod* v. *McLeod*, 73 Ala. 42. See *Fox* v. *Smith, supra.*

The attorney whom the defendant consulted did not testify and the defendant did not state in detail what he told the attorney. Upon cross-examination the defendant testified that he told the attorney on whose advice he acted that the plaintiff was seen coming out of the bathroom containing the toilet which was damaged. Mrs. Silverstein is the person who saw the plaintiff coming out of a bathroom on the same floor as the damaged toilet. She gave this

information to a Mr. Taylor, the janitor, who in turn reported the fact to the defendant. The damaged toilet was located in a bathroom at one end of a hall. Mrs. Silverstein told Mr. Taylor that she saw the plaintiff coming from another bathroom at the opposite end of the hall and that said toilet had apparently been damaged before the plaintiff came out of the other bathroom. Mr. Taylor testified that he reported these facts to the defendant who did not deny that he was told by Taylor that Mrs. Silverstein saw the plaintiff coming from the other bathroom. As the apartment house in question contained forty tenants all of whom had access to the bathroom containing the toilet which was damaged, the plaintiff had no exclusive opportunity to injure said toilet. It not only appeared that the defendant had no probable cause for instituting criminal proceedings against the plaintiff for injury to said toilet but it also appeared that the defendant, either carelessly or intentionally, misrepresented the facts to the attorney whose advice he sought. Had the defendant told his counsel that the plaintiff had been seen coming from another bathroom at the opposite end of the hall instead of representing that the plaintiff had been seen just before the damage was discovered coming from the bathroom containing the toilet in question it is probable that said attorney, there being no other evidence (other than that of a possible motive) that the plaintiff was guilty, would have advised that there was not probable cause for prosecuting the plaintiff for injuring and defacing a building.

The question remains whether the defendant in prosecuting the plaintiff was actuated by malice. Malice may be inferred from lack of probable cause when the facts (3) warrant such inference. *Atkinson* v. *Birmingham*, 44 R. I. 123, 116 Atl. 205. There was an abundance of testimony that the defendant was extremely hostile toward the plaintiff. The jury evidently found that the defendant's conduct in instituting one of the criminal proceedings against

the plaintiff was malicious and without probable cause and we think the testimony warrants such finding.

The remaining exception is to the ruling denying defendant's motion for a new trial. We can not agree with the defendant's contention that the damages are excessive. During eighteen hours the plaintiff was in the custody of the sheriff and during one night he was confined in a cell. Plaintiff testified that he paid seventy-five dollars for counsel fees and seventy-five dollars to secure bail. He testified to no other items. Regardless of the question of punitive damages five hundred and fifty dollars is not, in our opinion, an excessive amount to compensate the plaintiff for the indignity which he suffered. The trial court in his rescript denying the motion for a new trial used the following language: "The present defendant was at one time convicted of perjury, and this fact was laid before the jury in this case. Were it not for such testimony affecting the *burden of proof* there would not be much doubt in the mind of the Court that plaintiff had not sustained the burden of proof." Counsel for the defendant suggests that said justice assumed that the burden of proof shifted from the plaintiff to the defendant when it appeared that the defendant had once been convicted of perjury. It is clear that said justice intended to use the words "preponderance of the evidence" in place of the words "burden of proof." We find no reason for disturbing the verdict which has the approval of the trial court.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Charles R. Easton*, for plaintiff.

*John L. Curran*, for defendant.