[No. 9338.  Department One.  June 27, 1911.]

JOHN FELLOWS, *by Marie Wood, his Guardian etc.*,
    *Appellant*, v. NORMAN M. BEERS *et al.*,
                *Respondents.*[1]

MALICIOUS PROSECUTION—MALICE—EVIDENCE — SUFFICIENCY.  The
evidence is insufficient to support an action for malicious prosecution,
where it appears that the defendant, having witnessed an assault
and battery by plaintiff upon a third person, stated the facts to the
prosecuting attorney and upon his advice swore out a warrant for
plaintiff before a justice of the peace; any inference of malice from
the fact that the justice discharged the plaintiff, who was mani-
festly guilty of an assault and battery, being more than overcome in
such case.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered June 9, 1910, in favor of the de-
fendants, upon withdrawing from the consideration of the
jury an action for malicious prosecution.  Affirmed.

*H. E. Foster*, for appellant.

*Arthur E. Griffin,* for respondents.

PER CURIAM.—The appellant, plaintiff below, instituted
this action, through his guardian *ad litem*, to recover dam-
ages for an alleged malicious prosecution.  On the trial, at
the conclusion of his evidence, the court took the case from
the jury and entered a judgment for the defendants.  The
correctness of this ruling of the trial court is the question
presented on this appeal.

The evidence in the record tends to show that the de-
fendant Norman M. Beers, while at the residence of his co-
defendants, witnessed an assault and battery made by the
plaintiff, who was then within two months of nineteen years
of age, on the defendant Mrs. Sloan.  According to Mr.
Beers, who was called as a witness by the plaintiff, the as-
sault was entirely unprovoked.  He testified that Mrs. Sloan

[1]Reported in 116 Pac. 262.

was sprinkling her lawn with an ordinary garden hose when by accident the plaintiff got in the way of the hose and some water was thrown on him, that he thereupon assaulted her viciously, called her vile names, and beat her over the head with a soda water bottle which he had in his hands and from which he had been drinking. Mrs. Sloan was a small woman, somewhat frail, and the act of the plaintiff so outraged the witness' sense of decency that he stated the facts to the prosecuting attorney, who drew a complaint charging him with assault and battery, which the witness verified before a justice of the peace. A warrant was issued on the complaint, and the plaintiff arrested thereunder. On the hearing before the justice of the peace, however, he was discharged.

The plaintiff himself states the facts somewhat differently. He testified that the trouble was started by Mrs. Sloan herself who began by calling him a "hoodlum." That he retorted to this by calling her "an old hen," when she turned the hose on him purposely, and it was then that he struck her with the soda water bottle. The justice of the peace discharged the appellant after only one witness had testified and without hearing the prosecuting witness, or other witnesses brought there to testify for the state. The reason for his action does not appear in this record, the journal entry directing the discharge being admittedly erroneous. There was no direct evidence of malice or of joint action or conspiracy on the part of the defendants, of any character; in fact, it was shown that the prosecution of the plaintiff was instituted by Mr. Beers on his own volition, after he consulted with his codefendants and failed to receive their consent to such a course.

Under these facts, we think the action of the trial judge without error. The plaintiff was manifestly guilty of an assault and battery by his own confession, and any inference of malice that arises from the discharge of the plaintiff by the justice of the peace is overcome by the undisputed evidence showing what occurred at the hearing, and by the fact

that the prosecuting witness stated the facts to the prosecuting attorney and took his advice before beginning the prosecution.

The judgment appealed from is affirmed.