[No. 12523.   Department Two.   November 17, 1915.]

# W. E. Hightower, *Appellant*, v. Union Savings & Trust Company et al., *Respondents*.[1]

Appeal—Review—Harmless Error—Admission of Evidence.   Error in improperly admitting evidence upon the cross-examination of a witness is cured by its subsequent admission without objection.

Same—Harmless Error — Exclusion of Evidence — Prejudice.   Error cannot be predicated on the exclusion of evidence without showing that the testimony would have been favorable to the appellant.

Same—Review—Discretion—Order of Proof.   The exclusion of evidence offered in rebuttal, which did not rebut any evidence of the adverse party and should have been introduced as part of the evidence in chief, is discretionary, and will not be reviewed in the absence of abuse of discretion.

Malicious Prosecution—Probable Cause — Evidence — Admissibility.   In an action for malicious prosecution, it is competent to show defendants' statements made to the prosecuting attorney, and the attorney's opinion that the plaintiff was guilty of the crime charged, upon the issue as to the defendants' good faith and probable cause for instituting the prosecution.

Same—Defenses—Probable Cause—Malice.   In an action for malicious prosecution, the *prima facie* case made by the dismissal of the action is met and overcome by proof of probable cause, which is a complete defense irrespective of malice, evidence of which is therefore incompetent to show want of probable cause.

Same—Defenses—Probable Cause—Advice of Attorney—Question for Court.   The necessary facts to establish probable cause being a question of law for the court to decide, and only the existence of the facts being for the jury, where the existence of probable cause is shown beyond doubt by proof that the defendants made to an attorney a full, true statement of all the facts concerning the crime within their knowledge, and acted on the advice of the attorney that a prosecution should be instituted, there was no question of the existence or want of probable cause to be submitted to the jury, and the court should direct judgment for the defendants.

Appeal—Review—Harmless Error.   Error cannot be predicated on erroneous instructions to the jury, where judgment against the appellant should have been directed by the court.

[1]Reported in 152 Pac. 1015.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 21, 1914, upon the verdict of a jury rendered in favor of the defendants, in an action for malicious prosecution. Affirmed.

*Arthur E. Griffin* and *Walter S. Fulton*, for appellant.

*Donworth & Todd* and *McClure & McClure*, for respondents.

MORRIS, C. J.—This is an action for malicious prosecution. At the time of the prosecution complained of, the appellant, Hightower, was president and manager of the Orillia Lumber Company, at Orillia, Washington, and in that capacity had secured loans of money from the respondent company's branch bank at Renton, of which O. B. Woolley was manager. Woolley had exceeded his authority in making some of the loans to the lumber company, and had concealed that fact from the officers of the main bank. This conduct by Woolley was eventually discovered by the bank's officers, and Woolley was arrested and tried on a charge of grand larceny, the prosecution being dismissed upon motion of the prosecuting attorney's office before the completion of the trial. Shortly after the arrest of Mr. Woolley, the appellant was arrested on a like charge for complicity in the transactions for which Woolley had been arrested. This cause was likewise dismissed and appellant released upon the dismissal of the action against Woolley. The appellant then brought this action against the bank and its officials for having maliciously prosecuted him. The case was tried to a jury, and from a verdict and judgment in favor of the bank, Hightower has appealed.

The appellant's first objection is that Butler, a deputy prosecuting attorney, was allowed to testify on cross-examination as to the facts which actuated the prosecuting attorney's office in instituting the prosecution of Hightower, although he had been called for the sole purpose of identifying a certain exhibit. The record discloses that, at the conclu-

sion of their direct evidence, the respondents offered this testimony of Mr. Butler as a part of their case, and its introduction at that time was consented to by the appellant. If the evidence was improperly admitted on cross-examination, any error in permitting it to be then given was cured by its admission without objection.

Error is also predicated on the court's refusal to permit witness Houser, an attorney, to testify as to conversations between himself and Mr. Hoge, president of the bank, relative to the proposed prosecution of Hightower. Houser refused to testify on the ground that the conversations were privileged communications, he having at that time represented both the bank and Mr. Woolley, and the trial court excluded the testimony on that ground. The appellant argues that the communications were not privileged, and that Houser should have been allowed to testify as to them. But even if Mr. Houser were a competent witness and his testimony should have been admitted, there was no error in the ruling of the court, as the record does not show that his testimony would have been favorable to the appellant. Error will not be presumed and, in the absence of a showing that the testimony of Mr. Houser would have been a material part of the appellant's case, we will not disturb the ruling of the trial court. *Norman v. Hopper*, 38 Wash. 415, 80 Pac. 551.

At the conclusion of the respondents' case, the appellant, in rebuttal, sought to explain by witness Swift certain items appearing in the ledger of the Renton bank, for the purpose of showing that the payments of interest by the mill company on the loans made by the Renton branch bank had not been concealed by Woolley. This evidence was excluded for the reason that it was not proper rebuttal, but should have been made a part of appellant's original case. It was conceded at the trial that this testimony did not rebut any evidence introduced by the respondents, but was a part of the appellant's case in chief. Applications to introduce testimony out

of order are addressed to the discretion of the trial court, and, in the absence of a showing that this discretion has been abused, we will not review the ruling. No such abuse is shown here.

The objection to the testimony of Mr. Murphy, the prosecuting attorney, is that he was allowed to state what had been told him by the officers of the bank and others concerning the transactions between the bank and the appellant, and to state that, in his opinion, the appellant was guilty of the charge against him. The objection to the former testimony is on the ground that it is hearsay; and to the latter that, the question of the appellant's guilt not being in issue, he was prejudiced by the statement of the prosecuting attorney that he believed the appellant to be guilty. These statements to Mr. Murphy constituted the information which caused him to direct the prosecution of the appellant, and formed the basis for his decision. Upon their sufficiency as justifying his conclusion that the appellant was guilty depends the good faith of the prosecution and the consequent existence of probable cause, the want of which, concurring with malice, must always be shown to sustain an action for malicious prosecution. Hence, such statements have always been held admissible, and are not considered as within the hearsay rule. Jones, Evidence (ed. 1913), p. 647, § 300; Wigmore, Evidence, § 258(c).

Two elements form the basis of an action for malicious prosecution; want of probable cause, and the existence of malice. By showing the dismissal of the prosecution against him, the appellant establishes a *prima facie* case of want of probable cause, but if this *prima facie* case is met and overcome by proof that probable cause existed, then the issue of malice becomes immaterial, as proof of probable cause is a complete defense to the action. *Simmons v. Gardner*, 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D 16. While the element of malice may be inferred from the want of probable cause, the converse of the rule does not obtain, and want of

probable cause must always be expressly shown. *Noblett v. Bartsch*, 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886. Probable cause cannot be inferred from the existence of malice, and evidence of malice is, therefore, incompetent to show the want of probable cause.

The necessary facts to establish probable cause constitute a question of law to be decided by the court; whether these facts exist in a given case is a question for the jury. If the existence of facts sufficient to establish probable cause is not disputed or is sufficiently shown, then there is no question for the jury, and the court should hold, as a matter of law, that there was probable cause, and dismiss the action. The authorities on this question are fully considered in the note to *Simmons v. Gardner*, L. R. A. 1915D 16.

It is generally held that the existence of probable cause is shown by proof that the defendant made to an attorney a full, true statement of all the facts concerning the crime within his knowledge, and acted upon his advice that a prosecution be instituted; or made the disclosure and the prosecuting officer himself instituted the prosecution. It follows, then, that if the respondents made a full and true statement of all the facts to Mr. Murphy and, from the information thus disclosed, the prosecution was determined upon, the respondents have a complete defense to the action. From a careful review of all the evidence, we are of the opinion that it was shown beyond a reasonable doubt that the respondents did make a complete disclosure to the prosecuting attorney of the facts within their knowledge, and there was therefore no question of the existence or want of probable cause to go to the jury. For this reason, the respondents' motion for an instructed verdict should have been granted.

The evidence shows that the circumstances of Woolley's management of the Renton branch and his loans to the Orillia Lumber Company were first disclosed to Mr. Murphy by the respondents at a meeting of the bank officers at the home of

Mr. Hoge. At this meeting the affairs of the branch bank, the mill company, and the Chena River Mining Company, in which Hightower and Woolley were interested and to which the respondents suspected a part of the borrowed money had gone, were fully discussed. The following day, Mr. Murphy summoned Mr. Woolley, Mr. Hightower and others to his office, and made an investigation of the transactions disclosed the previous evening. Woolley testified that, at this meeting, he was asked a number of questions and given an opportunity to tell all he knew of the affairs of the bank and the mill company. Mr. Krumm testified that there was no obstacle to Mr. Hightower's efforts to make a complete statement to Mr. Murphy, and from the appellant's own testimony, it appears that he was allowed to make a full explanation of his dealings with the bank. Mr. Murphy thus stated his decision arrived at from the information obtained at these meetings: "I had pretty well resolved on the prosecution of Mr. Hightower that night at Mr. Hoge's house, but I wanted further information to be positive in the case. I finally determined upon it at the next day after his [Hightower's] admissions." Mr. Murphy also testified that he was not requested by any one to make the prosecution. We find no evidence contrary to our conclusion that the statements made by the respondents to Mr. Murphy were complete and true, and the independent investigation by Mr. Murphy having confirmed his intention to prosecute the appellant, there would seem to be no ground for belief that the respondents did not make a complete disclosure of the facts known to them.

The existence of facts sufficient to show probable cause being established beyond doubt, and that being the only question which could be submitted to the jury, there was no question to go to the jury, and respondents' motion for judgment should have been granted.

Appellant strongly complains of certain instructions. It follows from what we have said as to the dismissal of the cause because of the evidence of probable cause, that appel-

lant cannot complain of unfavorable instructions, though technically incorrect.

The judgment is affirmed.

MAIN and ELLIS, JJ., concur.