[No. 14888. Department One. February 11, 1919.]

RAYMOND BORG *et al., Appellants,* v.
H. W. BRINGHURST, *Respondent.*[1]

MALICIOUS PROSECUTION (14-1)—EVIDENCE—ADMISSIBILITY—REASON FOR DISMISSAL. In an action for malicious prosecution, the plaintiff, in making a prima facie case by proof of dismissal of the criminal charge, is not entitled to show the reason for the dismissal by the examining magistrate.

TRIAL (24)—RECEPTION OF EVIDENCE—CUMULATIVE EVIDENCE. It is not error to exclude a certified copy of a judgment of dismissal which would only have been cumulative evidence of an admitted fact.

MALICIOUS PROSECUTION (14)—PROBABLE CAUSE—ADMISSIBILITY. In an action for malicious prosecution, under a general denial the defendant may show probable cause by proof of a full and true disclosure to the prosecuting attorney who directed the filing of the complaint.

SAME (3, 15)—PROBABLE CAUSE—ADVICE OF PROSECUTOR—EVIDENCE —SUFFICIENCY. Probable cause for a criminal prosecution is established as a matter of law, by a full and true disclosure of the facts to the prosecuting attorney who directed institution of the proceedings; and it is immaterial that the evidence was largely hearsay, and insufficient to secure conviction.

[1]Reported in 178 Pac. 450.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 29, 1917, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for malicious prosecution. Affirmed.

*Vince H. Faben,* for appellants.

*Hugh M. Caldwell* and *Walter F. Meier,* for respondent.

MACKINTOSH, J.—The defendant was fire marshal of the city of Seattle, and, as such, investigated a fire on the premises occupied by the mother of the appellant husband. In this investigation he was assisted by two detectives from the police department, and, at the conclusion of the investigation, the matters discovered were laid before the prosecuting attorney of King county, who directed that a complaint be made against the appellant wife, charging her with the crime of arson. Later the complaint was dismissed by the examining magistrate, and this action was then commenced against the fire marshal to recover damages for malicious prosecution and false imprisonment. At the conclusion of the trial in the superior court, the defendant moved for a directed verdict, which was granted. The complaint, after alleging that the charge of arson was wholly untrue, and was wickedly and maliciously laid against the plaintiff, alleged "that the charge was dismissed by the prosecuting attorney of King county before the trial and pending the hearing, because there was no evidence to sustain the charge, and upon motion and suggestion of the prosecuting attorney, the justice of the peace entered his order of dismissal of the charge." A motion having been made against this portion of the complaint, it was stricken.

On the trial, evidence was excluded concerning the reason prompting the examining magistrate to dismiss the criminal complaint, the court refusing to admit a certified copy of the judgment of dismissal. These two correlated matters are assigned as error. *Aldrich v. Inland Empire Tel. & Tel. Co.*, 62 Wash. 173, 113 Pac. 264, held that, in an action such as this, the plaintiff is entitled to show a dismissal of the criminal charge as *prima facie* evidence of want of cause, but that the reason given by the justice for such dismissal cannot be shown. The plaintiff was entitled to the legal effect of the dismissal but to nothing more. The evidence offered was, for this same reason, properly excluded, the fact of dismissal having been admitted by the pleadings and by a statement in open court. It was not error to refuse to receive a certified copy of the judgment, for the reason that such certified copy would only have been cumulative evidence of the fact which had already been admitted. *State v. King*, 67 Wash. 651, 122 Pac. 323; *Klodek v. May Creek Logging Co.*, 71 Wash. 573, 129 Pac. 99; *In re Northlake Avenue*, 96 Wash. 344, 165 Pac. 113.

The other alleged error related to the granting of respondent's motion for a directed verdict. Probable cause can be shown by proof that the defendant made a full and true statement to the prosecuting attorney, who directed the filing of the complaint, and this defense may be shown under a general denial. *Kellogg v. Scheuerman*, 18 Wash. 293, 51 Pac. 344, 52 Pac. 237. In this case the evidence shows that the defendant made a full and frank disclosure to the prosecuting attorney of all the evidence which he had been able to gather through his personal investigation and through the investigation of the detectives who were assisting him. It is true that a great

deal of this evidence was hearsay, but the disclosure which is made to the prosecuting attorney need not be confined to such testimony as would be admissible upon the trial, but, from the very necessity of the case, must, in the great majority of instances, consist of hearsay testimony and the recitation of facts and circumstances which are of the utmost value in determining the propriety of instituting a criminal prosecution. The fact that before or at the trial it may be discovered that the testimony to establish the guilt of the accused may not be available does not operate to render the prosecuting witness liable in damages. When he has disclosed truthfully and freely the information of which he is possessed he has performed his entire duty, and he does not then become a guarantor that the testimony will be available at the time necessary for its production. As soon as it appears from the testimony that such a full and truthful disclosure has been made to the prosecuting officer, and that he has directed the institution of a criminal proceeding, the complaining witness has established probable cause, and in an action against him for malicious prosecution or false imprisonment he is entitled, as a matter of law, to judgment. Where the record discloses, as it does in this case, that the prosecuting witness fully and truthfully communicated all the facts and circumstances then within his knowledge or information, then there exists probable cause, as a matter of law, and there is no question to be submitted to the jury. *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D 16; *Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A 489.

Judgment affirmed.

CHADWICK, C. J., TOLMAN, MAIN, and MITCHELL, JJ., concur.