[No. 15134.   Department Two.   April 22, 1919.]

## J. ITO TERUSAKI, *Appellant*, v. D. MATSUMI *et al.*, *Respondents*.[1]

MALICIOUS PROSECUTION (15)—ACTIONS—WEIGHT AND SUFFICIENCY OF EVIDENCE.  Where plaintiff had published articles reflecting upon the financial standing of defendants' bank, and was prosecuted for criminal libel at the instance of the state bank examiner and prosecuting attorney, defendants' institution of the malicious prosecution is not sufficiently shown by the fact that defendants complained to the state bank examiner and asked protection, in the absence of any evidence that they suggested to the bank examiner the remedy to be pursued or influenced the prosecuting attorney to file the information.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 3, 1918, dismissing an action for malicious prosecution upon granting a nonsuit.  Affirmed.

*Dudley G. Wooten,* for appellant.

*W. A. Keene* and *W. S. Fulton* (*James H. Buchanan,* of counsel), for respondents.

FULLERTON, J. — The appellant, plaintiff below, brought this action against the respondents to recover in damages for malicious prosecution.

The record discloses that the appellant was the publisher and proprietor of a daily paper, published in Seattle in the Japanese language.  Commencing on September 13, 1916, and continuing for some time thereafter, there was published in the paper a series of articles reflecting upon the financial standing and solvency of the respondent banks.  The banks were chiefly patronized by Japanese, and the effect of the published articles was to cause a large number of the depositors of the banks to withdraw their deposits,

[1]Reported in 180 Pac. 468.

seriously threatening a temporary if not a final suspension of business by them. Certain of the other respondents were officers and stockholders of the banks; and one of them, Mr. Keene, who was also general attorney for the banks, called upon the state bank examiner to ascertain if he could not afford them some form of relief. Mr. Keene took with him and exhibited to the bank examiner an English translation of some of the published articles. The bank examiner suggested that, before taking action, they advise with the *Attorney General* of the state, and together they visited that officer. The *Attorney General,* after hearing the statement of Mr. Keene and the bank examiner and examining the translations of the published articles, advised the examiner that it was a matter for the prosecuting attorney of King county, and suggested that it be presented to him, saying in connection therewith that his office would gladly furnish the prosecuting attorney with any assistance in its power if such assistance was desired. The bank examiner then laid the matter before the prosecuting attorney named. The bank examiner was alone when it was presented, neither Mr. Keene, nor any other person connected with the banks being present. The prosecuting attorney did not take immediate action; he advised the bank examiner that he would investigate the matter and take such action as he felt the facts warranted. Some three or four weeks later, the prosecuting attorney filed an information in the superior court of King county, charging the appellant with criminal libel. The appellant was arrested and tried upon the charge before a jury and was acquitted. It is this proceeding that furnishes the foundation for the present action.

There is much in the record thought to show an effort and desire on the part of the respondents to

work the financial ruin of the appellant and cause a suspension of his paper, especially on the part of those connected officially with the respondent banks, and the appellant repeats a threat of that nature made to him by the president of the concerns. There is no evidence, however, showing or tending to show that any of the respondents endeavored or attempted in any manner to influence the action of the prosecuting attorney. Indeed, there is no evidence that any of them was ever consulted by that officer, further than the inference to that effect which might arise from the fact that some of them were subpoenaed and testified as witnesses for the state in the criminal trial; and, of course, no evidence that any of such persons made misleading or false statements to the prosecuting attorney to induce him to start the prosecution, or that any of them testified falsely to any fact at the trial of the appellant.

The trial judge, we think, rightly sustained a challenge to the sufficiency of the evidence. To maintain an action for malicious prosecution the plaintiff must allege and prove, (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuance of the prosecution; (3) that the prosecution was maliciously instituted or continued; (4) that it terminated successfully for the plaintiff on its merits or was abandoned; and (5) that it resulted in the plaintiff's damage.

The evidence, as we view it, falls far short of establishing a case against the respondents within these principles. There was no evidence that the respondents instituted or continued the prosecution complained of. It may be that the prosecution was the result of the visit of the respondent Keene to the bank examiner. But this alone is not sufficient. This re-

spondent in no manner suggested to the bank examiner the remedy to be pursued; he simply stated the bare facts, and that officer took such steps as his judgment dictated. If the officer erroneously believed that the facts stated constituted a crime and started an ill-advised prosecution, it is the officer's error, not the respondents' or those connected with them, and no liability attaches to them for the prosecution.

"To sustain an action for malicious prosecution, it must affirmatively appear as a part of the case of the party demanding damages, that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion." *McClarty v. Bickel,* 155 Ky. 254, 159 S. W. 783, 50 L. R. A. (N. S.) 392.

Actions for malicious prosecution are not favored in law. They tend to discourage what it is the policy of the law to encourage, namely, the disclosure to the public authorities of possible violations of the criminal statutes. Hence such actions are hedged about by limitations more stringent than are usual in actions brought for wrongs against the person.

Our conclusion is that no cause was proven sufficient for the inquiry of the jury, and the judgment will stand affirmed.

CHADWICK, C. J., MOUNT, PARKER, and HOLCOMB, JJ., concur.