[No. 23699. Department Two. September 12, 1932.]

HOWARD CARR et al., Respondents, v. ZELLERBACH PAPER COMPANY et al., Appellants.[1]

*Hamblen & Gilbert* and *J. P. Dillard,* for appellants.
*W. B. Mitchell,* for respondents.

BEALS, J.—Defendant D. C. Hempstead was, during the years 1929-1930, the general office and credit manager of the Spokane branch of Zellerbach Paper Company, a corporation. October 23 (or 24), 1929, the corporation (which will herein be referred to as Zellerbach) sold to plaintiff Marie Carr a bill of goods of the value of $26.74, cash on delivery.

Whether the goods were delivered to Mrs. Carr on October 25 or 26 is in dispute, but it is admitted that, at the time of delivery, she handed to the carrier her check, dated October 26, 1929, drawn on Hillyard State Bank to the order of Zellerbach in the sum of $26.74. This check was by the payee deposited in its bank and, on presentation to the drawee, was dishonored for want of sufficient funds in Marie Carr's account to pay the same. On Mrs. Carr's suggestion, the check was several times put through Zellerbach's bank for collection, and was on each presentation dishonored by the drawee.

November 8, 1929, the old check having been completely covered with stamped endorsements, Mrs. Carr gave to Zellerbach a new check in the same amount as the old. On presentation, this check was also dishonored by the drawee, that bank reporting, when the check was last presented, that the account had been closed.

January 17, 1930, defendant D. C. Hempstead, before a justice of the peace for Spokane precinct, swore to a complaint against Marie Carr, charging her with

grand larceny, in that Mrs. Carr, by the check of November 8, fraudulently procured from Zellerbach merchandise in value equal to the amount of the check. Mrs. Carr was arrested pursuant to this complaint and confined in jail for twenty-six days.

February 19, 1930, the complaint before the justice was dismissed, and, during the spring of 1931, Mrs. Carr and her husband brought this action against Mr. Hempstead and Zellerbach, claiming general damages in the sum of fifty thousand dollars for malicious prosecution, together with twenty-five dollars for special damages. The action came on regularly for trial before the court sitting with a jury, and at the close of plaintiffs' case, the trial court sustained defendants' motion for a judgment in their favor as matter of law, and dismissed the action. Later the court granted plaintiffs' motion for a new trial, and from the order granting a new trial defendants appeal.

Respondents have moved to strike the statement of facts upon the ground that the same was filed too late. The order appealed from was filed November 10, 1931, the statement of facts having been filed in the office of the clerk of the superior court February 9, 1932, or ninety-one days after the entry of the order appealed from. It appears, however, that the order granting the new trial was signed in the absence of appellants' counsel, and that the statement of facts was filed within ninety days from the time they received notice of the entry of the order.

The order bears the ''O. K. as to form'' of appellants' counsel and their undated acknowledgment of the receipt of a copy, but it appears from a showing made a part of the statement of facts by the certificate of the trial court that these endorsements were written upon the order before the same had been presented

to or signed by the court. The record contains an affidavit by respondents' counsel, but he does not contend that appellants' counsel was present in court at the time the order was signed. The order having been signed in the absence of appellants' counsel, the time within which appellants could file their proposed statement of facts would not commence to run until formal notice to them of the entry of the order. The motion to strike the statement of facts is denied.

Respondent Marie Carr testified that the merchandise which she ordered from Zellerbach was delivered to her Friday, October 25, and that she explained to the delivery clerk that the goods were delivered sooner than she had ordered them delivered, and that, if she accepted them at that time, she would have to deliver in payment thereof a post-dated check, to which Zellerbach's agent agreed, and that thereupon she drew and delivered to this agent the check dated October 26.

Appellant D. C. Hempstead was by respondents called to the stand as an adverse witness, and testified that, sometime prior to the delivery of the goods to Mrs. Carr, Honorable C. W. Greenough, prosecuting attorney for Spokane county, had made an address before Spokane Association of Credit Men at a meeting of the association which Mr. Hempstead had attended, in the course of which address Mr. Greenough had suggested that cases involving the issuance of NSF checks be referred to his office; that, because of this invitation on the part of Mr. Greenough, Mr. Hempstead, with Mrs. Carr's checks, had called at Mr. Greenough's office, and had there been referred to one of Mr. Greenough's deputies, to whom Mr. Hempstead had stated the facts in connection with the issuance and dishonor of Mrs. Carr's checks; that, at the request of the deputy prosecuting attorney, Mr. Hempstead had

turned over to him the checks issued by Mrs. Carr; and that, after a subsequent conversation between the two at the prosecutor's office, the prosecutor prepared the complaint which Mr. Hempstead signed before the justice of the peace; that Mr. Hempstead assumed that the deputy prosecutor had taken appropriate action in the premises, and relied upon him in all respects.

Appellants contend that the trial court correctly granted their motion for judgment in their favor at the close of respondents' case, and erred in granting respondents' motion for new trial after the entry of the order of dismissal in appellants' favor.

The trial court appears to have been of the opinion that the evidence presents a question for the jury as to whether or not Mr. Hempstead made a full and truthful disclosure to the prosecuting attorney of all the facts in the case, and that, by the evidence, particularly in view of a letter bearing date January 10, 1930, written to Mrs. Carr by Mr. Hempstead, a disputed question of fact is presented as to whether or not, as the trial court stated in its memorandum opinion, "defendants were the prosecutors."

In his letter of January 10, referred to by the trial court, Mr. Hempstead informed Mrs. Carr that he did not desire to cause her any trouble on account of the check, but that, in his judgment, the facts showed a plain case of attempted fraud, that the matter was being taken up with the prosecuting attorney, and that, unless "we hear from you not later than Monday, January 13, action will be taken."

█ In the case of *Hightower v. Union Savings & Trust Co.*, 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A, 489, this court used the following language:

"The necessary facts to establish probable cause constitute a question of law to be decided by the court; whether these facts exist in a given case is a question

for the jury. If the existence of facts sufficient to establish probable cause is not disputed or is sufficiently shown, then there is no question for the jury, and the court should hold, as a matter of law, that there was probable cause, and dismiss the action. The authorities on this question are fully considered in the note to *Simmons v. Gardner,* L. R. A. 1915D 16.

"It is generally held that the existence of probable cause is shown by proof that the defendant made to an attorney a full, true statement of all the facts concerning the crime within his knowledge, and acted upon his advice that a prosecution be instituted; or made the disclosure and the prosecuting officer himself instituted the prosecution. It follows, then, that if the respondents made a full and true statement of all the facts to Mr. Murphy and, from the information thus disclosed, the prosecution was determined upon, the respondents have a complete defense to the action."

In the later case of *Borg v. Bringhurst,* 105 Wash. 521, 178 Pac. 450, this court approved the same principle in the following language:

"When he has disclosed truthfully and freely the information of which he is possessed he has performed his entire duty, and he does not then become a guarantor that the testimony will be available at the time necessary for its production. . . . Where the record discloses, as it does in this case, that the prosecuting witness fully and truthfully communicated all the facts and circumstances then within his knowledge or information, then there exists probable cause, as a matter of law, and there is no question to be submitted to the jury."

The cases of *Eberhart v. Murphy,* 113 Wash. 449, 194 Pac. 415, and *Puffe v. Frink,* 155 Wash. 578, 285 Pac. 430, are to the same effect.

In the case at bar, it clearly appears from uncontradicted testimony that Mr. Hempstead, at the invitation of the prosecuting attorney for Spokane county, placed before the prosecutor's deputy the matter of

the issuance and delivery by respondent Marie Carr of the checks hereinabove referred to and the non-payment thereof by the drawee bank; that the deputy prosecutor then took charge of the matter and prepared the complaint upon which Mrs. Carr was arrested; and that Mr. Hempstead signed and swore to the same at the suggestion of the prosecutor. Some time elapsed between the visits of Mr. Hempstead to the office of the prosecuting attorney, and the complaint against Mrs. Carr was not sworn to until after the matter had been in the hands of the prosecuting attorney's office for several weeks.

The appellate court of Indiana, sitting *En Banc,* in the case of *Western Oil Refining Co. v. Glendenning,* 156 N. E. (Ind. App.) 182, in the course of its opinion, said:

"There can be nothing improper in the conduct of any citizen who without malice reports to the proper official any violations of the criminal law of the state, and, if thereafter such officer makes an independent investigation of the matter reported to him, and following such investigation returns an indictment or information against the party charged, it cannot be said that the party so reporting to the prosecuting attorney conduct which he believes to be a violation of the law is liable in damages because of the prosecution growing out of such investigation."

The following authorities are also in point: *Ryan v. Orient Ins. Co.,* 96 Vt. 291, 119 Atl. 423; *Christy v. Rice,* 152 Mich. 563, 116 N. W. 200; Ann. Cas. 1918A, p. 485, note.

The opinion of this court in the case of *Puffe v. Frink, supra,* also bears upon this phase of the case.

We are convinced that it clearly appears from the evidence introduced by respondents that Mr. Hempstead made to the deputy prosecuting attorney a full, true statement of all facts in connection with the mat-

ter of which he had knowledge, and that the prosecutor then took charge of the case, prepared the complaint, and that Mr. Hempstead swore to the same at the prosecutor's suggestion and pursuant to his directions. Mr. Hempstead placed himself in the hands of the lawfully constituted authorities, and unless it appears from the evidence that Mr. Hempstead did not tell the officer of the law the truth or that he deliberately suppressed facts, he and his principal are protected by the acts of the prosecuting attorney against such a suit as this.

Respondents vigorously contend that Mr. Hempstead did not truthfully narrate all the facts to the deputy prosecutor, and that he failed to disclose certain material matters in connection with the transactions between Zellerbach and Mrs. Carr. Careful examination of the evidence convinces us that respondents' contention is not well founded. The evidence requires a holding, as matter of law, that Mr. Hempstead, in placing the matter before the prosecuting attorney and in stating to him the facts, acted in entire good faith, and that the subsequent proceedings were the acts of the official representative of the people, for which appellants cannot be held liable to respondents.

The letter of January 10, written by Mr. Hempstead to Mrs. Carr, does not take this case without the rule, and we are satisfied that, under the authorities cited, the trial court correctly granted appellants' motion for judgment in their favor, and erred in granting respondents' motion for a new trial.

The order appealed from is reversed, with instructions to overrule the motion for a new trial.

TOLMAN, C. J., MAIN, MILLARD, and HOLCOMB, JJ., concur.