[No. 25207. Department Two. November 22, 1934.]

C. E. CHRISTIANSEN, *Appellant*, v. R. S. ANDERSON *et al., Respondents.*[1]

*John Geisness* and *Ralph Smythe,* for appellant.
*C. A. Norton,* for respondents.

HOLCOMB, J.—This action was instituted to recover damages for malicious prosecution. The jury returned

[1]Reported in 37 P. (2d) 889.

a verdict for a large sum in favor of appellant, upon which respondents moved for judgment notwithstanding the verdict, or in the alternative for a new trial, based upon all the statutory grounds. After considering the matter, the trial court granted the motion for judgment n. o. v. and also the alternative motion for a new trial, in case the judgment should be reversed on appeal.

Respondents open their brief with a motion to strike the statement of facts, upon the ground that it was not served or filed within the time prescribed by Rem. Rev. Stat., § 393 [P. C. § 7821].

The situation here is the same as that in *Miskey v. Mazey*, 150 Wash. 676, 274 Pac. 698, and the motion is not well taken. It is therefore denied.

The facts in the case are substantially these: On January 24, 1931, a man came into the Seattle store of Weisfield & Goldberg, Inc., and represented himself as Martin Ness. He was waited upon by David Levy, in charge of the diamond department of the establishment. The man was with Levy for some ten or fifteen minutes, and was shown several diamond rings by Levy. Levy had him sign one of the conditional sales contracts of Weisfield & Goldberg, Inc., and then took him upstairs to the credit department, where he was waited upon by one Anderson, the credit manager of the company. He told Anderson the same things he had told Levy downstairs, that his name was M. Ness, by which name he had signed the conditional sales contract, and that he had a shoe repair business in Bremerton. He also gave Anderson several credit references. The transaction occurred after six o'clock in the evening. The customer then signed a second conditional sales contract for Anderson, received the diamond ring, the retail value of which was $175, paid five dollars on his purchase, and took the ring away.

No payments were made upon the purchase. Anderson became suspicious, and sent several letters to Ness at Bremerton. Receiving no response to the letters, he then telephoned, from which telephone communication he was informed that Ness had never been in the store of Weisfield & Goldberg, Inc., had made no purchase, had signed no contract, and had received no diamond ring.

Anderson then went to Bremerton to see Ness and to ascertain, if possible, what the difficulty was. As soon as he saw Ness he realized that Ness was not the man he had waited upon and to whom the diamond ring had been sold. Anderson then showed the contract to Ness with the signature on it, and Ness told him "it looked like Chris' handwriting." Upon inquiry, he was told that "Chris" was C. E. Christiansen. Anderson then described the man who had made the purchase, and was told by Ness that it looked like Christiansen. Anderson then went back to Seattle, and upon inquiry ascertained that Christiansen was located in Port Angeles, upon which he made a trip to Port Angeles.

Immediately upon entering the shop of Christiansen in Port Angeles, he recognized Christiansen as the man who had signed the contract and received the diamond ring. Christiansen denied all this, but upon request, signed a shoe-tag with the name Martin Ness. When Anderson returned from Port Angeles, he asked Levy if he remembered the man who had made the purchase in question, to which Levy replied that he remembered him very distinctly and described him. The description fitted Christiansen perfectly.

Anderson then laid the matter before the prosecuting attorney's office. He informed Mr. Turner, a deputy prosecuting attorney, of the facts hereinbefore recited; that Christiansen denied that he was the man

who had taken the diamond ring, and claimed to have been in Port Angeles at the time of the transaction. Anderson did not suggest any particular action on the part of the prosecuting attorney, but simply stated the facts to Turner. Turner asked that Levy be brought in, who was later brought in and questioned by Turner in great detail, as undisputedly testified to by Turner. After making an investigation, Turner determined to file the charge against appellant, called Anderson into his office and had him sign a criminal complaint.

A trial was then held in the court of a justice of the peace in King county, at which trial Anderson, Ness and Levy appeared as witnesses for the state. Appellant and certain other witnesses appeared on his behalf. As a result of this hearing, appellant was bound over for trial in the superior court. The deputy prosecuting attorney who represented the prosecuting attorney's office at that hearing asked the magistrate to bind appellant over to the superior court for trial.

Subsequently, deputy prosecuting attorney Turner, before trial, moved the court to dismiss the criminal complaint against appellant, for the reason that there was not enough evidence to secure a conviction. As one of the specific grounds of his reasons for dismissing, he said that he felt that a disinterested witness' testimony to establish an alibi might reasonably establish such an alibi and create a reasonable doubt in the jury's minds; and that to prosecute the case would only cost the county money uselessly. He also said that, at the time the prosecution was begun, he believed that appellant was guilty of larceny and determined to file the charge.

After the criminal charge had been dismissed by Turner, this action was begun against respondents.

The assignments of error relied upon to reverse the judgment of dismissal are that the court erred in ren-

dering a judgment in favor of respondents notwith-standing the verdict, and in granting in the alternative the motion of respondents for a new trial.

■ It is first asserted that respondents did not make a full and fair disclosure to the prosecuting attorney.

It cannot be denied that the deputy prosecuting attorney who caused the prosecution to be instituted stated that he questioned the agents of Weisfield & Goldberg, Inc., in detail, obtained all the facts then within their knowledge, and believed that a criminal charge should be made against appellant. Nor can it be disputed that the deputy prosecuting attorney who had charge of the matter directed that the prosecution be instituted.

■ Appellant cites many cases from this and other jurisdictions to the effect that, when the jury's finding of lack of probable cause is supported by evidence and reasonable inferences from the evidence, it was error to determine the question as a matter of law and order a judgment notwithstanding the verdict.

The cases cited from this and other jurisdictions are not applicable to the conditions shown in this case. Appellant seems to ignore the rule followed in this state, supported by a number of cases which are decisive, to the effect that, where the matter is laid before the prosecuting attorney with a full and fair disclosure of the known facts and the prosecuting attorney thereupon makes a charge and causes the arrest of the accused, probable cause is established as a matter of law; and proof of probable cause is a complete defense to such an action as this and malice becomes immaterial.

We have consistently held that:

"An undisputed showing that the prosecuting witness had acted upon the advice of the prosecuting at-

torney, or other reputable counsel, after making a full and truthful statement of all the known facts, made it the duty of the court to find probable cause as a matter of law.'' *Eberhart v. Murphy,* 113 Wash. 449, 194 Pac. 415.

*Puffe v. Frink,* 155 Wash. 578, 285 Pac. 430; *Carr v. Zellerbach Paper Co.,* 169 Wash. 493, 14 P. (2d) 35; *Huf v. Hague,* 171 Wash. 302, 17 P. (2d) 844.

To the same effect are the following cases decided by this court: *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D, 16; *Fellows v. Beers,* 63 Wash. 678, 116 Pac. 262; *Anderson v. Seattle Lighting Co.,* 71 Wash. 155, 127 Pac. 1108; *Saunders v. First National Bank of Kelso,* 85 Wash. 125, 147 Pac. 894; *Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A, 489.

In the case of *Simmons v. Gardner, supra,* we held that, in an action for malicious prosecution, where it appears from the undisputed evidence that the prosecutors acted upon the advice of the prosecuting attorney after making a full and truthful statement of all the known facts relating to probable cause for the prosecution, although the accused was discharged without trial, it becomes the duty of the court to find probable cause as a matter of law and to direct a verdict for the defendants; the burden of proving want of probable cause being on the plaintiff, although he was discharged. In that case, the judgment based upon a verdict of the jury in favor of the plaintiff was reversed and the cause dismissed. We there approved the principle that, where the prosecutor fairly presents all the facts to a respectable practicing attorney, who from such a statement of facts advises that they are sufficient to warrant a prosecution, the prosecutor is protected against a suit for malicious prosecution, as from the very nature of our criminal laws it is neces-

sary so to do, otherwise there would be no safety in originating such a proceeding. There has been no departure from this rule in any of the other cases before us since that case.

Under our criminal statutes, a prosecuting attorney has entire control of a criminal proceeding. With certain exceptions unnecessary here to mention, he may prosecute or refuse to prosecute, as he sees fit. No commitment by a committing magistrate has any control over his action; nor is it necessary to have an indictment by a grand jury, as all criminal proceedings, for crimes up to the highest, may be instituted by the prosecuting attorney by information on his own motion. Consequently, it is unimportant here whether the committing magistrate bound appellant over to the superior court or not. Had he refused to do so on the ground that no evidence was produced before him or not sufficient evidence to sustain the charge, the prosecuting attorney might, nevertheless, proceed directly by information in the superior court against the accused.

The fact that the prosecution was later dismissed by the prosecuting attorney is also unimportant, since he had caused it to be instituted, which also conclusively presumes against malice. *Ton v. Stetson,* 43 Wash. 471, 86 Pac. 668; *Anderson v. Seattle Lighting Co., supra;* and *Hightower v. Union Savings & Trust Co., supra.*

From the foregoing considerations, we are bound to conclude that there is no dispute in the evidence in the instant case sufficient to take to the jury any question upon the issue either of malice or probable cause. It was the duty of the court to pass upon the question of probable cause, as a matter of law. The trial court did not err in granting judgment notwithstanding the verdict. It would have been error to have denied it.

Having reached the above conclusion, it is unnecessary to discuss the matter of the order granting the alternative motion for a new trial.

The judgment is affirmed.

BEALS, C. J., MITCHELL, STEINERT, and BLAKE, JJ., concur.