[No. 28506.   Department Two.   October 24, 1941.]

NORBERT BROOKS, *Appellant,* v. JAMES BOLDE *et al.,*
*Respondents.*[1]

[1]Reported in 118 P. (2d) 193.

38

*George F. Hannan* and *H. I. Kyle,* for appellant.

*Simmons & McCann,* for respondents.

SIMPSON, J.—Plaintiff instituted this action to recover damages for malicious prosecution. The case was tried to a jury and a verdict rendered in favor of plaintiff. Thereafter, the trial court granted defendants' motion for a judgment notwithstanding the verdict and dismissed the action. Plaintiff has appealed. Our use of the term respondent will designate Mr. Bolde only.

The assignments of error are that the court erred in granting defendants motion for judgment notwithstanding the verdict and in dismissing plaintiff's complaint.

The facts are these: October 10, 1928, respondent leased a coal mine in King county, Washington. He received permission to use the equipment, together with several old mining cars, located on a section adjoining the mine. During 1939, respondent discovered that certain tipples, several three-quarter inch rods, two drills, a ton of copper trolley wire, and the iron ribs from the mining cars were missing. In December of that year, two boys were caught taking an iron drum. A questioning and a subsequent investigation revealed that appellant and another had removed the iron ribs and had sold three tons of scrap metal to a junk dealer for $29.35. Thereafter, respondent related this information to a deputy prosecuting attorney of King county, which resulted in the arrest and temporary imprisonment of appellant for grand larceny. After a hearing before a justice of the peace, appellant's charge was dismissed because of insufficient evidence. This action was then instituted.

■ To prevail in this case, appellant must allege and prove that respondent instituted the criminal

prosecution without probable cause and with malice. *Ton v. Stetson,* 43 Wash. 471, 86 Pac. 668; *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D, 16; *Anderson v. Seattle Lighting Co.,* 71 Wash. 155, 127 Pac. 1108; *Terusaki v. Matsumi,* 106 Wash. 538, 180 Pac. 468.

██ In proving the first element, if the accused shows that the prosecution against him was dismissed, he establishes a *prima facie* case of want of probable cause. *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886; *Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A, 489; *Pallett v. Tompkins,* 10 Wn. (2d) 697, 118 P. (2d) 190. The burden of proving want of probable cause, however, never shifts; it remains with the accused throughout the trial. *Noblett v. Bartsch, supra.* But, as in other actions, the defendant may meet and overcome the accused's *prima facie* case.

██ In a malicious prosecution suit, one defense is to show that the matter of the accused's conduct was presented to the prosecuting attorney. If this communication consists of an honest disclosure of all material facts then within his knowledge, probable cause is established as a matter of law, and a judgment dismissing the action should be granted.

In *Borg v. Bringhurst,* 105 Wash. 521, 178 Pac. 450, we held:

"As soon as it appears from the testimony that such a full and truthful disclosure has been made to the prosecuting officer, and that he has directed the institution of a criminal proceeding, the complaining witness has established probable cause, *and in an action against him for malicious prosecution* or false imprisonment *he is entitled, as a matter of law, to judgment.*" (Italics ours.)

Again, in *Christiansen v. Anderson,* 179 Wash. 368, 37 P. (2d) 889, we stated:

"Appellant seems to ignore the rule followed in this state, supported by a number of cases which are decisive, to the effect that, *where the matter is laid before the prosecuting attorney with a full and fair disclosure of the known facts and the prosecuting attorney thereupon makes a charge and causes the arrest of the accused, probable cause is established as a matter of law; and proof of probable cause is a complete defense to such an action as this and malice becomes immaterial.*

"We have consistently held that:

" 'An undisputed showing that the prosecuting witness had acted upon the advice of the prosecuting attorney, or other reputable counsel, after making a full and truthful statement of all the known facts, made it the duty of the court to find probable cause as a matter of law.' *Eberhart v. Murphy,* 113 Wash. 449, 194 Pac. 415." (Italics ours.)

See, also, *Lester v. Millman,* 107 Wash. 300, 181 Pac. 878; *Puffe v. Frink,* 155 Wash. 578, 285 Pac. 430; *Carr v. Zellerbach Paper Co.,* 169 Wash. 493, 14 P. (2d) 35.

█ A study of the evidence convinces us that appellant's *prima facie* case was overcome, and that respondent had probable cause to believe that appellant was guilty of the crime charged. Consequently, a discussion of the element "malice" would be mere surplusage. *Ton v. Stetson, supra; Hightower v. Union Savings & Trust Co., supra; Christiansen v. Anderson, supra.* Therefore, in view of the preceding rule of full and honest disclosure to a prosecuting attorney, respondent was entitled to a judgment as a matter of law.

. In reference to respondent's disclosure to the prosecuting attorney, we quote from Mr. Bolde's testimony, which substantiates our conclusion, as follows:

"Q. Now, all the circumstances that you knew at that time, did you disclose to Mr. Rosellini in your statement to him? A. Disclose? What do you mean? Q. Did you tell him everything that you knew about

it? A. That I knew about my material? Q. Yes, and their [appellant and another] taking it? A. Yes. Q. And was there anything that you did not tell him that you knew about it? A. No, I told him everything, everything I knew. Q. What did he say? A. He told me, 'All right. Let's swear out a warrant and get them.' We have enough evidence to get them. Q. Did he prepare a complaint then? A. Yes. Q. Did he direct you to sign it? A. What? Q. Did he direct you to sign it? A. No, he sent me down to Judge Hoar. Q. What for? A. To sign the arrest warrant. Q. And you did that? A. Yes. . . . Q. Your purpose was merely to see that the law was enforced? A. That the law was enforced and to leave my stuff alone because the stuff is mine."

Similarly, Mr. Rosellini, the deputy prosecutor, testified:

"Q. I will ask you if at that time [interview with respondent and two sheriffs] you made full inquiry into the facts which were brought to your attention? A. I believe I did; that is, full inquiry by questioning Mr. Bolde and the deputy sheriff or the two deputy sheriffs present. Q. And as the result of that inquiry what did you decide to do? A. Well, I issued a warrant for the arrest of this Mr. Brooks, or rather, I issued a complaint. . . . Q. And that is prepared under your supervision and direction? A. That is right. Q. Then what did you do with that? A. That is all I personally do. I turn it in to the girl who issues or gets out this complaint and instructs the complaining witness to take it down to the Justice, and it is signed before the Justice of the Peace, and a warrant is issued based upon this complaint. Q. Now, the issuance of this complaint was done in the regular course of your employment? A. It was. Q. And there was nothing unusual about the method in which it was handled? A. Nothing at all that I recall. Q. And you were convinced at the time that it was proper to issue such a complaint? A. Yes. Q. And you advised Mr. Bolde to sign it? A. Yes, I must have done that. I drew up the complaint and handed it to

42

him to sign,—to take through the regular channels down to the justice for the purpose of him signing it."

▪ Appellant contends that respondent failed to make a complete disclosure, referring to various matters. An examination of them, however, shows clearly that they are minor details and collateral to the main facts. Therefore, they do not militate against respondent's veracity or his compliance with the requirement of communication of all material facts. *Huf v. Hague,* 171 Wash. 302, 17 P. (2d) 844.

Judgment affirmed.

ROBINSON, C. J., BLAKE, BEALS, and JEFFERS, JJ., concur.