**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MARK PETERSON,

        Plaintiff-Appellant,

v.

CITY OF YAKIMA, a local governmental
entity; et al.,

        Defendants-Appellees.

No. 22-35767

D.C. No. 1:18-cv-03136-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 11, 2023
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and R. NELSON, Circuit Judges.

Plaintiff-appellant Mark Peterson brings several challenges to the district

court's rulings in favor of defendants-appellees, the City of Yakima, Tony O'Rourke,

Anthony Doan, and Mark Soptich (collectively, "defendants").  Peterson challenges

the district court's responses to jury questions concerning Peterson's state-law

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

malicious prosecution claim; the jury instructions given for Peterson's First Amendment retaliation claim; the court's grant of partial summary judgment in favor of Doan and Soptich on Peterson's First Amendment retaliation claim; and several evidentiary rulings before and during trial. We have jurisdiction under 28 U.S.C. § 1291. We hold that the district court erred in answering questions from the jury concerning the malicious prosecution claim. We affirm the district court in all other respects.

The parties are familiar with the facts in this case, and we recount them only as necessary to explain our decision.

1. The district court erred when it answered the jury's questions regarding Peterson's state law malicious prosecution claim. The court misstated Washington state law when it responded to the jury's first question, saying that "instituting" malicious prosecution means "to start the prosecution by filing the complaint." Under Washington law, a person can be liable for instituting a malicious prosecution without filing a complaint. *See, e.g.*, *Bender v. Seattle*, 664 P.2d 492 (Wash. 1983); *see also Terusaki v. Matsumi*, 180 P. 468 (Wash. 1919). The court relied on that misstatement of Washington law in its responses to the jury's next two questions. The effect of the court's responses was to eliminate the possibility of judgment against the defendants who took actions that might have led to the filing of the complaint but who

2

did not themselves file the complaint. Accordingly, we reverse and remand for further proceedings on Plaintiff's malicious prosecution claim.

2. The district court's jury instructions for the §1983 First Amendment retaliation claim were not erroneous. Though the instruction contained superfluous language, the redundancy did not misstate the law nor did it appear to mislead the jury. *Cf. United States v. Farrar*, 2022 WL 212835, at \*3 (9th Cir. Jan. 24, 2022).

3. We affirm the grant of partial summary judgment to Doan and Soptich. In ruling on a prior appeal in this case, we stated, "The record . . . certainly contains evidence that could support a fact finder's determination that both Appellants did in fact have knowledge of Peterson's protected activities." *Peterson v. City of Yakima*, 830 F. App'x 528 (9th Cir. 2020). Peterson contends that the district court ignored that statement and thereby violated the "law of the case." *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (quoting *Musacchio v. United States*, 577 U.S. 237, 244–45 (2016)). We made that statement when dismissing the appeal for lack of jurisdiction, expressly leaving evidentiary decisions to the district court. None of the evidence Peterson presents creates a triable issue as to whether Doan or Soptich was motivated by Peterson's protected activity.

4. We affirm the five evidentiary rulings that Peterson challenges. We review rulings concerning evidentiary and discovery issues for abuse of discretion. *Jauregui*

3

*v. City of Glendale*, 852 F.2d 1128, 1132 (9th Cir. 1988). "[W]e reverse only if an erroneous ruling more likely than not affected the verdict." *Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829 (9th Cir. 2019).

First, Peterson contends that the district court erred when it held that *Monell* liability cannot be based on ratification of the actions of unnamed parties. The court did not so hold. The court excluded the proffered evidence on the ground that it would "run afoul of due process" to admit evidence supporting a theory not "apparent on the face of the Complaint." The court did not abuse its discretion in so doing. *See AE ex. rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

Second, Peterson contends that the district court erred by indicating that unredacted emails, rather than their redacted counterparts, would likely be admitted into evidence. Peterson cannot challenge this ruling because it was not final, *Adkins v. Mireles*, 526 F.3d 531, 542 (9th Cir. 2008), and he was not aggrieved by the decision. *Tennison v. Circus Circus Enterprises, Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) ("[W]here a district court makes a tentative *in limine* ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.").

Third, Peterson contends that the district court improperly excluded "comparator" evidence of two other Yakima businesses that were noncompliant with

4

the fire code. These businesses were not true "comparators" because the owners did not refuse entry to inspectors.

Fourth, Peterson contends that the district court should not have excluded certain emails sent to O'Rourke by the City's economic development manager about Peterson's consideration for membership on an "implementation committee." While the emails may indicate awareness of Peterson's protected activity, the trial court has "considerable discretion" in rejecting relevant evidence that is cumulative. *United States v. Elksnis*, 528 F.2d 236, 239 (9th Cir. 1975).

Finally, Peterson contends that the district court improperly denied the use of deposition transcripts to impeach assistant city attorney Mark Kunkler, and O'Rourke. Kunkler's deposition testimony was not inconsistent with his trial testimony. *See United States v. Higa*, 55 F.3d 448, 453 (9th Cir. 1995). Peterson failed to lay a proper foundation for the introduction of O'Rourke's deposition testimony. *United States v. Hibler*, 463 F.2d 455, 461 (9th Cir. 1972).

5. We deny Peterson's request for assignment to a different district judge on remand. There is no basis for reassignment.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

Each side to bear its own costs.

5