[No. 14250.   Department Two.   February 7, 1918.]

GEORGE W. MAIN *et al., Respondents,* v. BART HEALY *et al., Appellants.*[1]

MALICIOUS PROSECUTION—PROBABLE CAUSE.   In an action for malicious prosecution, a verdict should be directed for the defendants, where it appears from undisputed evidence that defendants were acting as a law and order committee, and in good faith employed detectives to make an investigation as to the unlawful sale of intoxicating liquors, and laid the facts before a reputable attorney and the prosecuting attorney who advised that there was sufficient evidence to justify a prosecution; and failure to state that one of the accused was a member of the city council and a prominent citizen of the town, is not a material fact which should have been disclosed to the prosecuting attorney.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 7, 1917, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for malicious prosecution.   Reversed.

*S. A. Bostwick* and *W. H. Mason,* for appellants.

*E. C. Dailey,* for respondents.

MOUNT, J.—This is an action for malicious prosecution.   A jury trial resulted in a verdict of $500 for the plaintiffs, on which judgment was rendered.   The defendants have appealed.

The complaint alleged that, in June, 1916, the defendants entered into a conspiracy for the purpose of injuring the plaintiffs in their good name and in their business, and that, in furtherance of such conspiracy, a complaint was filed against the plaintiffs charging them with keeping intoxicating liquor for the purpose of unlawful sale; that, by reason of such complaint, the plaintiffs' premises were searched by officers under the

[1]Reported in 170 Pac. 570.

charge made, and plaintiffs were placed under arrest and required to give bail for their appearance to answer said charge; that, at the time said charge was filed, the same was done maliciously and without probable cause, and in furtherance of said conspiracy entered into by said defendants; that there was no evidence to substantiate said charge; and that the action was, at the request of the defendants, dismissed. The complaint then alleged that the plaintiffs have been damaged in a large sum. The answer of the defendants denied generally the allegations of the complaint.

It appeared upon the trial that, prior to the filing of the complaint, there had been numerous cases of intoxication in the town of Monroe. A large number of the citizens of that town organized what was called a law and order league. That league appointed the appellants and certain other citizens to determine who was selling intoxicating liquor in the town. This committee employed two secret service men, who, after ten days' investigation, reported to the appellants that the respondents had been selling cider which contained a large per cent of alcohol. They brought to the appellants two bottles of whiskey and three bottles of cider. The cider was obtained at respondents' place of business. The appellants caused this cider to be analyzed, and it was found to contain more than five per cent alcohol. Thereafter the appellants employed a reputable attorney in the city of Everett, informing him of the facts which were disclosed by the secret-service men employed as above stated. This attorney advised the appellants that there was sufficient evidence to warrant a conviction, and further advised them to lay the matter before the prosecuting attorney of Snohomish county. They did this, informing the prosecuting attorney of the facts above stated, and that officer advised the appellants that there was sufficient evidence

to justify a prosecution. Under the direction of the prosecuting attorney, a complaint was prepared by a deputy, and a warrant was issued by a justice of the peace for the arrest of the respondents. A search warrant was also issued and the respondents' place of business, which was a soft-drink and pool-room establishment, was raided by the officers and the respondents were placed under arrest. Thereafter bail was given, and before the case came on for trial in the justice court, it was agreed by the prosecuting attorney and the accused that the action should be dismissed, and an order of dismissal was entered by the justice of the peace.

The facts above stated are not disputed in the record. At the close of respondents' evidence, counsel for appellants moved for a directed verdict. The case was dismissed as to one of the defendants who had died, but the motion was denied as to the other defendants. At the close of all the evidence, which conclusively showed the facts as stated above, and to which there was no denial, counsel for appellants moved the court for a directed verdict. This motion was denied and the case was submitted to the jury. After the jury returned a verdict, a motion for judgment *non obstante* was denied and judgment was entered.

We are satisfied that the trial court, at the close of all the evidence, should have directed a verdict in favor of the appellants. The rule is that:

"In an action for malicious prosecution, where it appears from the undisputed evidence that the prosecutors acted upon the advice of the prosecuting attorney after making a full and truthful statement of all known facts relating to probable cause for the prosecution, it becomes the duty of the court to find probable cause as a matter of law, and to direct a verdict for the defendants." (Syllabus) *Simmons v. Gardner*, 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D 16.

In the case of *Saunders v. First National Bank of Kelso,* 85 Wash. 125, 147 Pac. 894, we said, at page 127:

"While we have held that the discharge by a committing magistrate of a person charged with crime is, *prima facie,* evidence of want of probable cause for the prosecution of such person for the crime charged against him, *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 996; *Charlton v. Markland,* 36 Wash. 40, 78 Pac. 132, we have also held that such evidence of want of probable cause does not necessarily make a *prima facie* showing of the additional necessary element of malice on the part of the one causing such prosecution when he is sued and damages claimed from him because thereof. The burden of proof as to the question of malice is not shifted upon the defendant by such proof of want of probable cause."

If the trial court was right in denying the motion for a directed verdict at the close of the respondents' case, when they had proved that they had been arrested for unlawfully selling intoxicating liquors, that they had given bail for their appearance, and thereafter the case was dismissed by the justice before whom the case was pending—if these facts were sufficient to warrant the court in denying the motion for a directed verdict at that time—it is apparent that, when all the facts were shown, namely, that the appellants were acting as a committee of law and order enforcement; that they had, in good faith, employed detectives or secret service men to investigate persons who might be selling intoxicating liquors unlawfully; that these secret service men reported to this committee that they had purchased from the respondents cider which contained alcohol and whiskey; that then these facts were laid before a reputable attorney, who advised appellants that this was sufficient evidence to justify a prosecution; and that the same facts were thereupon placed before the prosecuting attorney, who advised the prosecution,

there is no escape from the conclusion that there was probable cause for the prosecution. It then became the duty of the court, under the rule in *Simmons v. Gardner, supra,* to direct a verdict.

The trial court, in denying the motion for a judgment notwithstanding the verdict, filed a written opinion in which he seems to labor under the impression that the appellants did not state to the prosecuting attorney all the material facts, one of which he seems to think important, namely, that one of the respondents, at the time of his arrest, was a member of the city council at Monroe and a prominent citizen of that town. This was not a fact necessary to be disclosed by the appellants to the prosecuting attorney; but even if it were a fact which the prosecuting attorney should have considered before advising the prosecution, it was a notorious fact which the prosecuting attorney knew, or should have known, as well as any other citizen, and which he should have taken into consideration, and which he no doubt did consider, before advising the prosecution.

It seems plain from the whole record, which we have carefully examined, that there was probable cause for the arrest of the respondents, and that there was no malice in connection with the prosecution.

The judgment of the trial court is therefore reversed and the cause ordered dismissed.

ELLIS, C. J., HOLCOMB, MORRIS, and CHADWICK, JJ., concur.