[No. 15080. Department One. April 3, 1919.]

NELS BRUCE, *Appellant,* v. O. G. ELMERGREEN *et al., Respondents.*[1]

MALICIOUS PROSECUTION — PROBABLE CAUSE — ADVICE OF COUNSEL. The court must find probable cause, as a matter of law, and dismiss the action, where it appears by undisputed evidence that the prosecutors made a full and truthful statement of the facts to the prosecuting attorney and acted on his advice, although the case was later dismissed on motion of the prosecution.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 26, 1918, in favor of the defendants, notwithstanding the verdict of a jury rendered in favor of the plaintiff, dismissing an action for malicious prosecution. Affirmed.

[1]Reported in 180 Pac. 135.

*W. H. Mason* and *J. Y. Kennedy,* for appellant.

*J. A. Coleman,* for respondents.

MITCHELL, J.—Respondent O. G. Elmergreen, while in the employment of respondent Puget Sound International Railway & Power Company, a corporation, swore to a criminal complaint in a justice of the peace court of Everett, charging appellant, Nels Bruce, with the crime of engaging in and carrying on in Everett, Washington, the business of transporting passengers for hire in an automobile without having a permit therefor, as required by the laws of the state. The justice of the peace issued a warrant for the arrest of the defendant in that case, upon the service of which the defendant furnished cash to assure his appearance at the trial. When the case came on for hearing, after one continuance, it was dismissed upon motion of the prosecuting attorney's office on the ground of insufficiency of evidence to go to trial, in the opinion of the prosecuting attorney. Thereafter, the present action for damages for malicious prosecution was brought by Nels Bruce against said Elmergreen and the Puget Sound International Railway & Power Company. A jury trial resulted in a verdict of $800 for the plaintiff, over the motion of the defendants for a directed verdict in their favor. A timely motion of defendants for judgment *non obstante* was subsequently granted by the court, and a judgment of dismissal of the action entered. The plaintiff has appealed.

At the trial the proof showed, without question or dispute, that respondents, before the criminal complaint was filed, took up the matter with their attorneys and made to them a full, fair, and candid statement of all facts within their knowledge tending to

show the guilt of Nels Bruce of the crime with which he was afterwards accused, and that thereafter respondent Elmergreen and one of the attorneys for respondent company took up the matter with one of the deputy prosecuting attorneys of the county, to whom they made a full, fair, and candid statement of all facts within their knowledge bearing upon the question of the guilt of Nels Bruce of the crime with which he was afterwards charged; and the attorneys for respondents, and also the deputy prosecuting attorney of the county, advised that, in their opinions, there was sufficient evidence to warrant the filing of a criminal complaint and to justify a conviction of Nels Bruce; upon which advice, and by the direction of the deputy prosecuting attorney, the criminal complaint was made by Elmergreen.

In this state the rule is:

"In an action for malicious prosecution, where it appears from the undisputed evidence that the prosecutors acted upon the advice of the prosecuting attorney after making a full and truthful statement of all known facts relating to probable cause for the prosecution, it becomes the duty of the court to find probable cause as a matter of law, and to direct a verdict for the defendants." Syllabus, *Simmons v. Gardner*, 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D 16.

This rule was repeated in the case of *Main v. Healy*, 100 Wash. 253, 170 Pac. 570, and still later followed in the case of *Borg v. Bringhurst*, 105 Wash. 521, 178 Pac. 450.

Judgment affirmed.

CHADWICK, C. J., MACKINTOSH, MAIN, and TOLMAN, JJ., concur.