## HAYS v. STINE.

(Circuit Court of Appeals, Fourth Circuit. April 10, 1923.)

No. 2004.

1. **Malicious prosecution** ⬅21(2)—**Advice of counsel on full statement of facts defense.**

The advice of counsel, given in good faith on a full and fair statement of all the facts, is a complete defense in an action for malicious prosecution; but the defendant must show that the statements made by him and on which the advice was given were honestly made, and that nothing of a material character affecting the situation was purposely withheld.

2. **Malicious prosecution** ⬅20—**Probable cause for belief in guilt defense.**

While the issue in an action for malicious prosecution is not whether the person against whom the charge was made was in fact guilty, there must have been probable cause to believe him guilty.

3. **New trial** ⬅71—**Abuse of discretion to set aside verdict based on conflicting evidence.**

Where the evidence was in conflict, it would have been an abuse of discretion to have set aside the verdict of the jury.

4. **Trial** ⬅281—**Sufficiency of exceptions to charge.**

If the entire charge is excepted to, or a series of propositions contained in it excepted to in gross, the exceptions cannot be sustained, if there were distinct propositions or instructions given that were sound.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. **Trial** ⊜⟹278—**Exceptions should specifically point out propositions complained of.**

   If counsel wish to reserve an exception of any value to the charge it is necessary to point out to the court specifically the propositions alleged to be erroneous.

6. **Evidence** ⊜⟹246—**Of defendant's counsel in former case held admissible.**

   In an action for malicious prosecution, testimony of a former attorney for defendant as to a visit made to plaintiff while in jail to have plaintiff make oath to a paper exonerating defendant from wrongdoing in several transactions *held* admissible.

7. **Appeal and error** ⊜⟹1050(1)—**Admission of evidence held harmless.**

   The erroneous admission of testimony as to a statement made by plaintiff was harmless, in view of other similar evidence and inferences properly deducible from the admitted facts.

In Error to the District Court of the United States for the Northern District of West Virginia, at Martinsburg; William E. Baker, Judge.

Action by George O. Stine against A. J. Hays. Judgment for plaintiff, and defendant brings error. Affirmed.

Harry H. Byrer and Stuart W. Walker, both of Martinsburg, W. Va. (Walker, Kilmer & Byrer, of Martinsburg, W. Va., on the brief), for plaintiff in error.

L. O. Wendenburg, of Richmond, Va., and Martin & Seibert, of Martinsburg, W. Va., for defendant in error.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge. The action below was brought for the recovery of damages for malicious prosecution. The declaration alleges that Hays (defendant below) instituted three prosecutions against Stine (plaintiff below) in the circuit court of Marion county, W. Va., and caused three indictments to be returned on false and perjured testimony. Stine was arrested and confined in the Marion county jail nearly six months. The prosecution was subsequently abandoned under a statute of West Virginia providing for that course (with certain exceptions not necessary to mention), where three regular terms of court pass, after the finding of the indictment, without trial.

Hays, a resident of West Virginia, first met Stine, a resident of Maryland, some time between 1906 and 1910. Both were engaged in the horse business. Hays was a man of considerable wealth, and, on his suggestion, Stine moved to West Virginia, and thereafter for several years they engaged in the buying and selling of horses together, although Hays insists there existed no relation of partnership. Between 1913 and 1915 there were a number of transactions between Hays and Stine, on the one hand, and sundry owners of horses in Ohio and Virginia on the other, which it would accomplish no useful purpose to narrate in detail, but as the result of which Hays was forced at different times to pay out large sums of money to buy his peace. The last of these occasions grew out of certain indictments found by a Virginia grand jury in 1915, largely on Stine's testimony, against both Hays and Stine, charging fraud and larceny in connection with the

purchase of horses in one of the counties of that state. Extradition proceedings were begun against Hays, then in West Virginia; but these were finally abandoned on his agreement to pay the amount of the claims out of which the indictments grew, and this was done. Shortly thereafter Hays, smarting under Stine's disloyalty in the Virginia affair, after conference with his own counsel, to whom he claims to have disclosed all the facts and on whose advice he acted, went to the prosecuting attorney of Marion county and charged Stine with the larceny of money and property from him in 1914, and, as a result thereof, thereafter procured the indictments out of which this action grows.

As has been already pointed out, there was no trial of these indictments, and the evidence as to the truth or falsity of the charges contained therein, as well as the circumstances under which they were made, was submitted to the jury in this case principally on the contradictory testimony of Stine and Hays, the latter declaring the statements of fact set up in the several counts of each indictment in all respects true, and Stine, on the contrary, denying all of the allegations contained in the indictments against him, and claiming that the moneys which he was charged there with having fraudulently obtained were part and parcel of the transactions for the joint account of Hays and himself.

[1, 2] In the trial of the case in the District Court this conflict of evidence was submitted to the jury, and it is this action of the court which is first assigned as error. We fail to see that there was any error in the action of the court in this respect. The evidence disclosed a series of transactions which, however earnestly Hays may claim were in good faith, inevitably lead to no other conclusion than that he and Stine were engaged in transactions of a most questionable character. There was, likewise, evidence to indicate actual malice on his part in obtaining the indictments, and also evidence to indicate, if true, that in his statements to the prosecuting attorney, as well as his own counsel, he misrepresented facts which, if disclosed, would have resulted in different action on the one part and advice on the other. It has been often held that in an action for malicious prosecution the advice of counsel, given in good faith on a full and fair statement of all the facts, is a complete defense; but to avail of this defense the defendant must show that the statements made by him, and upon which the advice was given, were honestly made, and that nothing of a material character affecting the situation was purposely withheld. While the issue is not whether the person against whom the charge is made is, in fact, guilty, it is nevertheless true that there must have been probable cause to believe him guilty, and if, therefore, as is here claimed, Hays knew that the transactions on which the indictments were severally founded were wholly different from his statement of them to the prosecuting attorney, or to his own counsel, their advice given under such circumstances can avail him nothing, and as to what was their true nature, and whether this had been purposely misrepresented, were exclusively questions for the jury, under proper instructions.

[3] Another assignment of error was to the refusal of the court to set aside the verdict as contrary to the law and the evidence. What we have already said sufficiently disposes of that question. The evidence was in conflict and it was submitted to the jury, and it would have been an abuse of discretion in such circumstances to have set aside the verdict.

Another assignment is contained in bill of exceptions No. 2, taken to four distinct paragraphs of the court's charge, in the following language:

"And thereupon, before the jury retired, the defendant excepted to the following part of the said charge."

The parts so objected to, as copied in the bill, were: (a) That malice and lack of probable cause must both be shown (as to which, of course, the defendant could not object); (b) that if the jury believed the indictments were procured by false testimony on the part of defendant, that of itself showed want of probable cause; (c) that probable cause existed where a man of ordinary caution, acting conscientiously, believed the person charged guilty of the crime charged (and, likewise, as to this the defendant could not object); (d) the measure of damages and the elements entering therein.

In passing it may not be improper to say that bill of exceptions No. 1, which purports to contain a full transcript of the proceedings in the court below, shows that plaintiff in error, through counsel, at the conclusion of the court's charge stated his exception and his only exception thereto in the following language:

"In order also to save the point, the defendant desires to except to the first and second instructions given on behalf of the plaintiff."

[4, 5] To what portion of the charge of the court this exception related it is impossible, from the record before us, to determine; but it is very clear from the context that the exception could not have been meant to relate to the charge of the court on the subject of damages, which is now the point seriously urged. But even if this conclusion be not justified the exception, as contained in bill of exceptions No. 2, and upon which counsel now rely, is wholly inoperative and without effect. It has been repeatedly held that if the entire charge is excepted to, or a series of propositions contained in it excepted to in gross, the exception cannot be sustained if there were distinct propositions or instructions given that were sound. Edgington v. U. S., 164 U. S. 365, 17 Sup. Ct. 72, 41 L. Ed. 467. It is also too well settled to require citation that if counsel wish to reserve an exception of any value to the charge of the court it is necessary to point out to the court specifically the proposition alleged to be erroneous. Rose's Federal Jurisdiction and Procedure (2d Ed.) § 478. "It ought to show the grounds relied on to sustain the objection presented, so that it may appear the court below was properly informed as to the point to be decided," The Francis Wright, 105 U. S. 389, 26 L. Ed. 1100. In the case of Gardner v. U. S., 230 Fed. 575–579, 144 C. C. A. 629, 633 (C. C. A. Eighth Circuit), there were several assignments of error by defendant, based upon the charge of the court as given, in the following language:

"To which action and ruling of the court in giving said instructions, and each of them, counsel for defendants, Harry B. Gardner, and Harry M. Coudrey, then and there duly excepted at the time."

And as to which the court said:

"It is needless to say that this was no exception at all. The court's attention was not drawn to any portion of the charge, so that the same might be corrected if necessary."

Since the exception here was neither broader nor deeper than the one condemned above, it would follow, we think, that it may not be considered here.

[6, 7] Bill of exceptions No. 4 relates to the admission by the court of the testimony of the witnesses Hess and Baker, the former the attorney for Hays in a number of transactions, including the so-called Virginia transaction, in which Hess, as Hays' attorney, secured from Stine a paper exonerating Hays from wrongdoing in their several horse transactions—the testimony objected to having relation to a visit Hess made to Stine while in jail, at which time he sought to get his affidavit to this paper. If Hess went to the jail as the representative of Hays, the evidence was entirely proper. If he went there on his own initiative, what he said or did, perhaps, should not have been admitted; but that he did go, and that he pressed and sought to have Stine make oath to a paper in which Hays was vitally interested, is admitted, and the question of the circumstances under which he went was, we think, in view of his professional relation to Hays, properly submitted to the jury.

The testimony of Baker, to which objection was made, related to the purchase of horses by him from Stine about the time of the occurrences out of which the criminal charges grew, at which time Stine stated the sale was made for the joint account of Hays and himself. Baker, in an effort to confirm this statement, called Hays on the telephone, and was informed by a person purporting to be Hays that Stine's statement was correct. He was not, however, able to identify the voice, since he was not familiar with Hays' voice, and on objection by counsel for Hays the testimony, so far as it related to the telephone call, was taken from the jury. The statement of Stine that the sale was for joint account, not made in Hays' presence, would, of course, not bind Hays, and perhaps had better have been excluded; but in view of other similar evidence, and the inferences properly deducible from the admitted facts, which in this case we think speak louder than words, the error was harmless.

No exception is taken to the amount of damages. We cannot, therefore, consider that question; and upon the whole case we find no error, and the judgment should be, and therefore is, affirmed.