[No. 22135. Department One. December 17, 1929.]

BRUNO BARTOLOMEO, *Appellant,* v. HENRY RICHARDS
*et al., Respondents.*[1]

*Robert A. Wilcox* and *E. E. Wager,* for appellant.

*F. A. Kern,* for respondents.

MILLARD, J.—This action was commenced for the
recovery of damages on account of alleged malicious
prosecution. From a judgment of dismissal entered
upon verdict in favor of the defendants, the plaintiff
appealed.

The respondents and appellant are farmers resid-
ing three or four miles distant from each other. Both
own small herds of cattle which, in the summer, range
in common with cattle of other parties on land which
is owned by a railway company and adjacent to the
lands of the parties herein. Respondents lost a number
of calves in the early summer of 1926 which they sus-
pected had been stolen. In September, 1926, a three-
year-old cow of respondents disappeared from the

[1]Reported in 282 Pac. 925.

herd. Investigation by respondents disclosed that the cow was at appellant's ranch. On September 26, 1926, Richards saw his cow in appellant's hog pasture. Richards went to appellant's house and stated to Bartolomeo he had called to get his cow. The appellant denied that the cow was on the ranch. On Richard's insistence that Bartolomeo did have the cow on the ranch, Bartolomeo rushed into the house, armed himself with a gun and returned to the front porch. Richards then repaired to the office of a justice of the peace to whom he related what had transpired. Complaint was prepared by the justice of the peace charging appellant with the crime of larceny of the cow. The complaint was sworn to by Richards, warrant was issued, and appellant was arrested September 29, 1926. Shortly following his arrest, Bartolomeo located the cow on the mountain near his home and returned the cow to his ranch. Respondents recovered possession of the animal subsequent to the dismissal of the criminal charge against appellant. Hearing was had before a justice of the peace on October 7, 1926, of the criminal action, which was dismissed, whereupon the appellant instituted proceedings against respondents for damages on account of malicious prosecution.

Counsel for appellant argues that this is a case where there was no conflict in the testimony and where the facts admitted by respondents were such as to show the maliciousness of the arrest and prosecution, therefore the verdict is contrary to, and not supported by, the evidence.

"Two elements form the basis of an action for malicious prosecution; want of probable cause, and the existence of malice. By showing the dismissal of the prosecution against him, the appellant establishes a *prima facie* case of want of probable cause, but if this *prima facie* case is met and overcome by proof that probable cause existed, then the issue of malice be-

comes immaterial, as proof of probable cause is a complete defense to the action. *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887, L. R. A. 1915D 16. While the element of malice may be inferred from want of probable cause, the converse of the rule does not obtain, and want of probable cause must always be expressly shown. *Noblett v. Bartsch,* 31 Wash. 24, 71 Pac. 551, 96 Am. St. 886. Probable cause cannot be inferred from the existence of malice, and evidence of malice is, therefore, incompetent to show the want of probable cause.

"The necessary facts to establish probable cause constitute a question of law to be decided by the court; whether these facts exist in a given case is a question for the jury. If the existence of facts sufficient to establish probable cause is not disputed or is sufficiently shown, then there is no question for the jury, and the court should hold, as a matter of law, that there was probable cause, and dismiss the action. The authorities on this question are fully considered in the note to *Simmons v. Gardner,* L. R. A., 1915D 16." *Hightower v. Union Sav. & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A 489.

Appellant testified that, in September, 1926, and prior to that time, he found in his herd of cattle the cow of respondents which he tried to drive to respondents' land, but the cow jumped over a fence and disappeared. When respondent Richards asked permission to drive the cow through appellant's yard and lane, appellant Bartolomeo told Richards to take the cow out the way it came in and did not threaten Richards. Respondent Richards informed Bartolomeo that he would have appellant arrested if respondents were not permitted to bring the cow out through the yard and lane.

There was testimony that appellant actually took possession of the cow with knowledge that the animal was the property of the respondents. Richards testified that, immediately preceding the swearing out of

the warrant for the arrest of Bartolomeo, he, Richards, saw the cow on the ranch of appellant, who knew the cow was there; that appellant denied that the cow was on his ranch when Richards demanded possession of the animal; and that appellant, in a threatening attitude, refused permission to Richards to remove the cow.

Under proper instructions, which the court gave, it was for the jury to find whether facts existed establishing probable cause for the arrest and criminal prosecution of the appellant. They found in the affirmative, therefore the issue of malice is not material, as proof of probable cause is a complete defense to an action for malicious prosecution.

The judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.