[No. 23869. Department Two. January 7, 1933.]

PHILIP R. HUF et al., *Appellants,* v. JOHN HAGUE *et al., Respondents.*[1]

*Henry Arnold Peterson, Wesley Lloyd,* and *John R. Bolinger,* for appellants.

*Burkey & Burkey,* for respondents.

BEALS, J.—Plaintiffs sued defendants for damages based upon an alleged malicious prosecution. By their

[1]Reported in 17 P. (2d) 844.

answer, defendants denied all liability to plaintiffs and prayed for dismissal of the action. The cause was tried to a jury, and at the close of all the evidence the court sustained defendants' motion for judgment in their favor, as matter of law, discharged the jury, and dismissed the action. From this judgment, plaintiffs appeal.

Appellants assign error upon rulings of the trial court sustaining respondents' objection to a certain question propounded to one of appellants' witnesses; in sustaining objections to questions propounded to respondents on cross-examination; upon the entry of judgment in respondents' favor; and in denying appellants' motion for a new trial.

During the month of March, 1930, the parties to this action entered into a written contract, whereby appellants agreed to purchase from respondents a tract of real estate. By the terms of the contract, appellants were, within ninety days, to construct a dwelling on the property, dig a well and install an electric water system, it being agreed that all improvements made by appellants should remain upon the premises and become part thereof. Possession of the land was delivered to appellants pursuant to the contract, and they commenced the construction of the dwelling, installing therein a bathtub, toilet, hot water tank and sink. The premises, although uncompleted, were occupied by appellants.

January 26, 1931, appellants having, as respondents believed, breached the contract, respondents served upon them a notice requiring them to fulfill their obligations under the contract or vacate the premises on or before March 1, 1931. The notice also contained the following provision: "No wiring, plumbing or any improvements are to be removed from the premises. Mr. and Mrs. John Hague."

February 1 following, appellants moved their furniture and household goods from the premises in question and took with them the plumbing equipment above referred to. The following day, respondents caused the arrest of appellant Philip R. Huf upon a charge of grand larceny. Mr. Huf was promptly admitted to bail and remained at liberty until his preliminary hearing, which was held during the month of May, 1931. The justice of the peace before whom the hearing was held dismissed the proceeding at the close of the testimony, whereupon appellants instituted this action for malicious prosecution and the recovery of damages based thereon.

The original contract of sale of real estate between the parties was prepared by Louis J. Muscek, a practicing attorney of many years experience. Respondents, believing that appellants had made default in the terms of this contract, consulted Mr. Muscek, who advised respondents to serve upon appellants a notice requiring them to comply with the terms of the contract within thirty days under penalty of forfeiture. The notice above referred to was accordingly served.

On the evening of Sunday, February 1, between the hours of six and eight-thirty o'clock, appellants procured a truck, upon which they loaded their furniture and the plumbing fixtures above referred to, and removed the same to their new residence. Respondents resided about six hundred feet distant from the house which appellants had constructed, and it appears from the testimony that, although appellants endeavored to conceal their operations, their movements were observed. Mrs. Hague followed the truck a distance of about six miles, where it was unloaded at appellants' new residence.

Monday morning, respondents again consulted Mr. Muscek, telling him what had happened and asking his

advice. Mr. Muscek advised respondents that, in his opinion, appellant Philip R. Huf was guilty of grand larceny in disconnecting the plumbing from the house and removing the same therefrom. Mr. Muscek took respondents to the office of the prosecuting attorney, where they consulted Mr. Ray Roberts, a deputy prosecutor, who prepared the complaint, which Mr. Hague signed, charging Mr. Huf with grand larceny. It is clear that Mr. Muscek knew all the circumstances in connection with the case, although Mr. Roberts was not advised of the service of the notice.

Appellants admit that the burden rests upon them of establishing want of probable cause, but contend that, as such burden requires the establishment of a negative proposition, slight proof thereof is all that is necessary to make a *prima facie* case. In support of the proposition that, when the dismissal of the prosecution instituted against Mr. Huf was shown, a *prima facie* case of want of probable cause was established, appellants cite the cases of *Martin v. Corscadden,* 34 Mont. 308, 86 Pac. 33; *Douglas v. Kenney,* 40 Idaho 412, 233 Pac. 874; *Brown v. Selfridge,* 224 U. S. 189, 56 L. Ed. 727. Appellants concede that this establishment of a *prima facie* case of want of probable cause does not shift the burden of proof to the defendants in the action, but contend that the question then became one of sufficiency or weight of the evidence, and that the trial court erred in taking the case from the jury and entering judgment in respondents' favor, as matter of law.

This question has been considered by this court in the cases of *Finigan v. Sullivan,* 65 Wash. 625, 118 Pac. 888; *Waring v. Hudspeth,* 75 Wash. 534, 135 Pac. 222; and *Bartolomeo v. Richards,* 154 Wash. 642, 282 Pac. 925. The general rule is clearly laid down in 38 C. J. 504. Appellants also cite the case of *Wilson v. Thur-*

*low,* 156 Iowa 656, 137 N. W. 956, in which the supreme court of Iowa laid down the rule that

"Except where the evidence is so clear and undisputed that all reasonable minds must reach the same conclusions therefrom, the question whether there was or was not probable cause must be determined by the jury."

The case of *Vander Linden v. Oster,* 37 S. D. 113, 156 N. W. 911, is to the same effect.

Mr. Ray Roberts, called as a witness on behalf of appellants, testified that, prior to issuing the warrant of arrest, he knew nothing of the notice which respondents had served upon appellants. He was then asked by appellants' counsel, "Would you have issued the warrant or prosecuted the case had you known of that," to which question an objection interposed by respondents was sustained. Respondent John Hague testified on cross-examination that he did not know whether or not he had called the notice in question to the attention of Mr. Roberts. Appellants argue that it must therefore be held that there was not, on the part of respondents, that full and complete disclosure to the prosecuting attorney of all relevant matters which the law requires, and that therefore appellants were entitled to go to the jury upon the question of probable cause. In this connection, appellants cite *Baer v. Chambers,* 67 Wash. 357, 121 Pac. 843, Ann. Cas. 1913D, 559; *Lester v. Millman,* 107 Wash. 300, 181 Pac. 878; *Kitchen v. Rosenfeld,* 44 R. I. 399, 117 Atl. 537, and other authorities.

After the question which appellants' counsel propounded to Mr. Roberts, and the sustaining of the objection thereto, appellants made no offer of proof, and we cannot assume that the witness would have answered the question by stating that, had he known of the notice, he would not have issued the complaint. It

is evident, however, that respondents were acting under the advice of Mr. Muscek, who knew all about the notice, as the same appears to have been given pursuant to a suggestion from him.

This case differs decidedly from the question presented in *Baer v. Chambers, supra.* That case involved an assault, and the complainant evidently stated to the prosecuting attorney only those facts which indicated that he was wholly without fault in the matter, while other facts existed which tended to show that the party arrested had been entirely justified in what he had done. The court properly stated that the "question depended upon facts in dispute and was, therefore, for the jury's determination under proper instructions." In the evidence now before us we find no material facts which are in dispute.

Assuming that the court erred in sustaining the objection to the question propounded to Mr. Roberts, we find in connection with this ruling no error available to appellants. Had Mr. Roberts answered the question in accordance with appellants' expectation, we cannot see that the situation then presented would have been essentially different from that presented by the record in its present state.

Appellants assign error upon the rulings of the trial court sustaining respondents' objections to questions propounded to respondent John Hague on cross-examination. We have examined the record in this connection, and find no reversible error. As we hold that, from the entire case, it must be held, as matter of law, that there appears no want of probable cause, the question of malice becomes immaterial. *Bartolomeo v. Richards, supra,* and cases cited therein.

It clearly appears that, before swearing to any complaint, respondents consulted disinterested counsel of long experience and recognized ability; that this at-

torney went with respondents to the office of the prosecuting attorney, where, after consultation, the complaint was issued. Appellants contend that respondents are not protected by this procedure, because the prosecuting attorney was not advised of the fact that respondents had served upon appellants the notice above referred to. It appears that the private counsel consulted by respondents knew that such a notice had been given. The notice itself forbade appellants to remove from the premises any of the plumbing or improvements which had been placed therein. In the case of *Eberhart v. Murphy,* 113 Wash. 449, 194 Pac. 415, this court said:

"We have consistently held that an undisputed showing that the prosecuting witness had acted upon the advice of the prosecuting attorney, or other reputable counsel, after making a full and truthful statement of all the known facts, made it the duty of the court to find probable cause as a matter of law."

The text laid down in 38 C. J. 430 is to the same effect.

The rule that all material facts must be disclosed to counsel whose advice is sought, does not apply to immaterial facts or those having some collateral bearing upon the main issue. *Main v. Healey,* 100 Wash. 253, 170 Pac. 570; 38 C. J. 434. The cases of *Bruce v. Elmergreen,* 106 Wash. 359, 180 Pac. 135, and *Hightower v. Union Savings & Trust Co.,* 88 Wash. 179, 152 Pac. 1015, Ann. Cas. 1918A, 489, are to the same effect.

In the case at bar, we find no dispute in the evidence sufficient to take to the jury any question upon the issue of probable cause. It was, therefore, for the court to say whether or not want of probable cause was established by the evidence, and we hold that the trial court did not err in holding that, on this branch of the

action, within the rule laid down in the case of *Wilson v. Thurlow, supra,* appellants failed to make a case sufficient to take to the jury the questions which appellants presented for determination.

Judgment affirmed.

TOLMAN, C. J., STEINERT, and MAIN, JJ., concur.